IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Antonio Perry (#R-51719), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16 C 4557 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| Correctional Officer, Starks, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $44.90 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court shall send a copy of this order to the trust fund officer at the Lawrence Correctional Center. The Court further directs the Clerk of Court to: (1) file Plaintiff's complaint [1], (2) issue summonses for service of the complaint on Defendants by the U.S. Marshal, and (3) send Plaintiff two blank USM-285 service forms, a magistrate judge consent form, filing instructions, and a copy of this order. The Court advises Plaintiff that a completed USM-285 (service) form is required for each named Defendant. The U.S. Marshal will not attempt service on a Defendant unless and until the required forms are received. The U.S. Marshal is appointed to serve the Defendants. Plaintiff's motion for attorney representation [4] is denied without prejudice to renewal later in this case.

## STATEMENT

Plaintiff Antonio Perry, an Illinois prisoner, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983, arising out of events that occurred while he was incarcerated at Cook County Jail. Plaintiff alleges that on April 21, 2014, he was beaten and stabbed after Correctional Officers Starks and Partees left Plaintiff's housing unit unattended for thirty minutes and a gang riot ensued. When Starks and Partees returned to the unit, Partees jumped onto Plaintiff's back, threw Plaintiff to the ground, choked Plaintiff, and violently pulled Plaintiff's arms behind his back. Starks then allegedly told Plaintiff, "that's why they beat your fat ass bitch." Plaintiff was hospitalized for three days as a result of the injuries he sustained on April 21, 2014. Before the Court are Plaintiff's application to proceed *in forma pauperis*, his complaint for initial review under 28 U.S.C. § 1915A, and his motion for attorney representation.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $44.90 to the Clerk of Court for payment of the initial partial filing fee, and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of

the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love,* 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Giving Plaintiff's allegations the liberal construction it must at this juncture, the Court finds that the complaint arguably states a claim that Defendants Starks and Partees were deliberately indifferent to Plaintiff's safety. A constitutional violation does not occur "every time an inmate gets attacked by another inmate." *Dale v. Poston,* 548 F.3d 563, 569 (7th Cir. 2008). Jails, "after all, are dangerous places often full of people who have demonstrated aggression." *Id.* Thus, while jail officials have a duty to take reasonable steps to protect inmates from violent assaults by other inmates, "[t]hey incur liability for the breach of that duty" only "when they were aware of a substantial risk of serious injury to an inmate but nevertheless failed to take appropriate steps to protect him from a known danger." *Rice ex rel. Rice v. Corr. Med. Serv.,* 675 F.3d 650, 669 (7th Cir. 2012). Allegations merely that an inmate was injured during an attack by fellow inmates generally do not support a claim under section 1983. However, Plaintiff's allegations concerning the length of time the unit was unattended, the injuries he sustained during the attack, and Defendant Stark's comment following the attack support an inference (for screening purposes

[2]

only), that Starks and Partee were aware that Plaintiff was at a greater risk of assault than other inmates. Plaintiff therefore may proceed against Defendants Starks and Partee on a failure-to protect claim.

The complaint also arguably states a claim concerning the force Defendant Partee employed to extricate Plaintiff from the melee. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473-75 (2015) (explaining that force employed against pretrial detainee must be objectively reasonable). Plaintiff therefore may proceed against Defendant Partee on an excessive force claim. Plaintiff, however, failed to allege facts showing that Starks was involved in the use of force, thus any claim of excessive force is dismissed without prejudice as to Starks.

The Court directs the Clerk to issue summonses for service of the complaint on Defendants. The Clerk of Court is directed to mail Plaintiff two blank USM-285 (U.S. Marshals service) forms. The Court advises Plaintiff that a completed USM-285 form is required for each Defendant. The U.S. Marshal will not attempt service on a Defendant unless and until the required form is received. Plaintiff must therefore complete and return a service form for each Defendant, and failure to do so may result in the dismissal of the unserved Defendant, as well as dismissal of this case in its entirety for lack of prosecution.

The Court appoints the U.S. Marshals Service to serve Defendants. The Court directs the U.S. Marshal to make all reasonable efforts to serve Defendants. With respect to any former employee of Cook County who can no longer be found at the work address provided by Plaintiff, County officials must furnish the U.S. Marshal with the Defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the Court file nor disclosed by the U.S. Marshal, except as necessary to serve Defendants. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any document he files in this Court to Defendants or to defense counsel if an attorney has entered an appearance on behalf of Defendants. Every document submitted by Plaintiff must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's request for attorney representation is denied. "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). The Court declines to do so at this time because Plaintiff has not made a reasonable attempt to retain counsel on his own. In particular, Plaintiff states in his motion that he contacted two law firms seeking representation. Letters attached to the

[3]

motion show that one of the firms provided Plaintiff with a list of recommended counsel. Plaintiff's motion, however, shows no attempt by Plaintiff to contact the counsel to which he was referred. Plaintiff should make an attempt to contact those counsel. *See Russell v. Bukowski*, 608 F.App'x 426, 428 (7th Cir. 2015) ("[B]efore a district court is required to consider recruiting counsel to assist a litigant in a civil case, the litigant must make a reasonable attempt to secure counsel for himself."). The Court also notes that Defendants have not yet been served and so there is no immediate need for the Court to recruit counsel. Accordingly, Plaintiff's motion for attorney representation is denied without prejudice.

Date: 6/21/16        /s/ John Darrah