**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Antonio Perry, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 4557 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | John W. Darrah |
| Correctional Officer Starks, | ) | |
| Correctional Officer Partees, | ) | *Jury Demanded* |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES, the Defendant, CORRECTIONAL OFFICER STARKS, by and through her attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through JAMES E. NICHOLS, Assistant State's Attorney, and submits Defendants' Answer to Plaintiff's Complaint states as follows:

**STATEMENT OF CLAIM**

1. On 4/21/2014, I was a pretrial detainee at Cook County Department of Corrections Division #2 Dorm #2 North. However, shortly after dinner was served on the above date. Defendants Partees, and Starks, left their assigned Dorm #5 North post for approximately 30 minutes.

**ANSWER:** Defendant Starks denies the allegations contained in Paragraph 1.

2. However, during the approximate 30 minutes Defendants were absent from their assigned past a violent gang riot broke out.

**ANSWER:** Defendant Starks denies the allegations contained in Paragraph 2.

3.      I had no correctional Officer with whom I could seek protection with from the violent rioter detainees. I was afraid for my life. I was violently attacked beaten and stabbed multiple times in the side, right back, arm, and face.

**ANSWER:**    To the extent that the allegations contained in Paragraph 3 are directed toward Defendant Starks, Defendant Starks lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.      The riot went on uninterrupted for approximately 30 minutes. The rioting detainees attempted to murder me. I was a pretrial detainee I was not supposed to be subjected to such violent living conditions, and neither was I supposed to be punished.

**ANSWER:**    To the extent that the allegations contained in Paragraph 4 are directed toward Defendant Starks, Defendant Starks lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5.      The defendants intentionally and with deliberate indifference toward my safety and wellbeing, made the decision to leave their assigned security post thereby leaving me in a hostile environment failing in their duty pursuant to the Cook County Department of Corrections mission statement as correctional officers to protect me.

**ANSWER:**    To the extent that the allegations contained in Paragraph 5 are directed toward Defendant Starks, Defendant Starks denies the allegations contained in Paragraph 5.

6.      How could I inform the defendants of the presents of danger when they were gone away from their post for approximate 30 minutes. That is a long time to be gone away from your assigned job duty unauthorized and without some other correctional officers to relieve defendants of their duty.

**ANSWER:** To the extent that the allegations contained in Paragraph 6 are directed toward Defendant Starks, Defendant Starks denies the allegations contained in Paragraph 6.

7.     However when defendant Partees, and Starks, finally return they discovered a riot in full progress.

**ANSWER:** Defendant Starks denies the allegations contained in Paragraph 7.

8.     When defendants and responding officers entered the Dorm #2 North defendant, Partees, jumped onto my back throwing me to the ground chocked me and violently pulled my arms behind my back thereby causing me chest pains as I have stints place in my chest due to a previous heart attacked that I had.

**ANSWER:** To the extent that the allegations contained in Paragraph 8 are directed toward Defendant Starks, Defendant Starks lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.     And at that point defendant Starks, stated to me that's why I was hospitalized for 3 days at John Stroger Hospital where I was treated for multiple stab wounds and other injuries.

**ANSWER:** Defendant Starks denies the allegations contained in Paragraph 9.

10.     As a direct result of the incident I now suffer from (PTSD) post-traumatic stress disorder which I didn't suffer from prior to the traumatic incident that happened to me on 4/21/14, where I was attempted murdered by the rioting detainees!  I now take the psychotropic medication known as "eelexa" in order to help me to cope with my PTSD. As a direct result of PTSD I experience thoughts of suicide, nightmares, paranoia of other people, and flash backs of the traumatic incident where I was attempt murdered by the rioting detainees.

**ANSWER:** To the extent that the allegations contained in Paragraph 10 are directed toward Defendant Starks, Defendant Starks lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Plaintiff file grievance in accords with his obligation under the (PLRA) Prisoner Litigation Reform Act. And ultimately the plaintiff grievances were denied. See grievances hereto attached and made a part of this complaint.

**ANSWER:** To the extent that the allegations contained in Paragraph 11 are directed toward Defendant Starks, Defendant Starks denies the allegations contained in Paragraph 11.

## RELIEF

(A) Declare that the acts and omission of defendants described above herein violate Plaintiffs rights under the United States Constitution.

(B) Award compensatory damages against each defendant jointly and sparsely in the amount in excess of $500,000.00.

(C) Award punitive damages in the amount in excess of $2,000,000.00

(D) Award attorney fees and the cost of this law suit.

**ANSWER:** Defendant Starks denies engaging in any act or omission in violation of Plaintiff's constitutional rights, that Plaintiff has properly stated a claim for relief or is otherwise entitled to the relief he seeks.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following Affirmative Defenses:

1. To the extent applicable, Plaintiff is governed by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a). *See Dale v. Lappin*, 376 F. 3d 652, 655 (7th Cir. 2004). Specifically, Plaintiff failed to exhaust his administrative remedies when he failed to request an

appeal within 14 days of receiving CCDOC's responses to the various grievance forms attached as exhibits to his Complaint. See generally *CM/ECF Entry* #1-1.

1.       To the extent that Plaintiff seeks damages against Defendant Starks in her individual capacity, Defendant Starks' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established constitutional rights. Accordingly, Defendant Starks is entitled to the defense of Qualified Immunity.

2.       To the extent Plaintiff's claims sound in state tort law, Defendant Starks is protected by the immunities of the Local Government and Governmental Employee Tort Immunity Act, 745 ILCS 10/1-101, et seq. (the "Tort Immunity Act").

## JURY DEMAND

Defendant Starks hereby requests a trial by jury.


Kimberly M. Foxx
State's Attorney of Cook County

By:     */s/ James E. Nichols*
James E. Nichols
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3474