IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:16-cv-04557 |
| v. ) | |
| ) | Honorable Judge Charles P. Kocoras |
| Correctional Officer DOROTHY STARKS, in ) | |
| both her individual and her official capacity; and ) | **JURY DEMANDED** |
| Correctional Officer WILLIE PARTEE, in both ) | |
| his individual and his official capacity, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

**NOW COMES** the Plaintiff, ANTONIO PERRY (hereinafter referred to as "Plaintiff"), by and through his attorneys, PERL & GOODSNYDER, LTD., and hereby complains of the Defendants, Cook County Correctional Officer DOROTHY STARKS (hereinafter referred to as "Starks") and Cook County Correctional Officer WILLIE PARTEE (hereinafter referred to as "Partee")(at times herein, Starks and Partee are collectively referred to as the "Defendants"). In support thereof, Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brought this 42 U.S.C. § 1983 action against Defendants Starks and Partee for the failure to take reasonable steps to protect Plaintiff from violent assault from other inmates and against Defendant Partee for the use of objectively excessive force.

2. Plaintiff seeks compensatory damages against each Defendant jointly and severally in an amount to be determined at trial, plus punitive damages, reasonable attorney's fees and court costs.

## JURISDICTION

3. This Honorable Court has jurisdiction over the subject matter of this action and the parties hereto pursuant to 28 U.S.C. § 1331, in that this is a civil action that presents federal question jurisdiction arising under 42 U.S.C. § 1983, and under the Eighth Amendment to the United States Constitution.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), in that all of the events or omissions giving rise to the claim occurred in this district.

5. In addition, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), in that upon information and belief, Defendants Starks and Partee both reside in this district due to the Cook County residency requirement for employees. Accordingly, all Defendants reside in the Northern District of Illinois.

## PARTIES

6. Plaintiff is an individual and a former resident of Cook County.

7. At all times relevant herein, Plaintiff was being held at Cook County Jail, located at 2700 South California Avenue in Chicago, Illinois 60608 while awaiting trial.

8. Plaintiff is currently incarcerated at Lawrence Correctional Center.

9. Defendant Starks, R/O #6323, was employed by the Cook County Department of Corrections. Starks is being sued in both her individual and her official capacity, plead in the alternative.

10. Upon information and belief, Starks is still employed by the Cook County Department of Corrections.

11. Defendant Partee was employed by the Cook County Department of Corrections. Partee is being sued in both his individual and his official capacity, plead in the alternative.

12. Upon information and belief, Partee is still employed by the Cook County Department of Corrections.

13. At all relevant times, Defendants acted under the color of state law and within the scope of their employment.

## EXHUASTION

14. Plaintiff has exhausted the administrative remedies available to him, as set forth in detail in the grievances filed with the Cook County Department of Corrections.

## PREVIOUS LAWSUITS

15. Plaintiff has not filed any prior lawsuits in this Court or any other court relating to these Defendants, or his imprisonment in Cook County or elsewhere.

## FACTS COMMON TO ALL COUNTS

16. On April 21, 2014, Plaintiff was a Pretrial Detainee at the Cook County Department of Corrections, Division #2.

17. On April 21, 2014, Defendant Starks and/or Defendant Partee were assigned to Plaintiff's dorm: Dorm #2, North Post, at the Cook County Department of Corrections, Division # 2.

18. Defendants had actual knowledge that Plaintiff had previously had a heart attack and had surgery to place stints into his chest.

19. Defendants were aware that Plaintiff was more vulnerable than the other inmates in the dorm.

20. Defendants had actual knowledge that there was a substantial risk of serious injury to Plaintiff.

21. However, despite being assigned to guard Plaintiff's dorm, on April 21, 2014, with deliberate indifference, Defendants left their assigned post, shortly after dinner was served to Plaintiff and the other inmates in the dorm.

22. Defendants remained absent for over thirty (30) minutes while Plaintiff and the other inmates remained entirely unsupervised and unrestricted in the common area of the dorm.

23. Shortly after Defendants left their post, a violent gang riot broke out in Dorm #2.

24. Defendants left their post with actual knowledge that there would be no Correctional Officer present in the dorm for over thirty (30) minutes.

25. Defendants took no steps to protect Plaintiff from a known danger.

26. On April 21, 2014, the other unsupervised and unrestricted inmates in the dorm violently attacked and ferociously beat the Plaintiff, stabbing him in the side, back, neck, arm, and face.

27. The riot went on uninterrupted for over thirty (30) minutes.

28. Over thirty (30) minutes from when Defendants deserted their post, they returned to Dorm # 2 North to find Plaintiff injured and bleeding, lying on or near his bed with his shirt off.

29. Defendants ordered Plaintiff to bring himself to the front of the room.

30. Plaintiff complied, and approached Defendants.

31. Despite having actual knowledge of Plaintiff's serious medical need, instead of offering to provide medical assistance to Plaintiff while he was injured and bleeding, Defendant Starks began to berate Plaintiff for getting injured in the riot.

32. When Plaintiff interrupted Defendant Starks to request medical attention, Defendant Partee threw Plaintiff to the ground, jumped on Plaintiff's back, choked Plaintiff, and pulled Plaintiff's arms behind his back.

33. Before April 21, 2014, Plaintiff underwent surgery to place stints in his chest due to a previous heart attack.

34. Due to the chest stints, Plaintiff suffered a severe, piercing chest pain when Defendant Partee violently pulled Plaintiff's arms back behind his back.

35. With deliberate indifference to Plaintiff's serious medical need, while watching Defendant Partee forcing Plaintiff to the ground, Defendant Starks taunted Plaintiff, "that's why they beat your fat ass, Bitch."

36. Defendants took Plaintiff to Division 2, Dorm 1, in which he patiently awaited medical treatment for three (3) to four (4) hours, while coughing up blood and bleeding from the scratches and bruises to his face, neck, back, and arms.

37. Thereafter, Defendants transported Plaintiff to the medical ward of the Cook County Department of Corrections, where Plaintiff was forced to wait another hour for treatment.

38. Although Plaintiff's blood was wiped off, Plaintiff was offered no painkillers.

39. Once Plaintiff was finally permitted to see a medical doctor, the physician ordered him to be transported immediately to the Cook County Hospital.

40. After April 21, 2014, Plaintiff was hospitalized for three (3) days due to his injuries and was treated for multiple stab wounds and other injuries.

41. As a proximate cause of Defendants' actions, since April 21, 2014, Plaintiff has suffered from Post-Traumatic Stress Disorder (hereinafter referred to as "PTSD").

42. Since April 21, 2014, Plaintiff has experienced frequent, recurring suicidal thoughts, nightmares, paranoia of other people, and seemingly realistic flashbacks of the April 21, 2014 incident.

43. Since April 21, 2014, Plaintiff has been prescribed Citalopram, a psychotropic, antidepressant drug of the selective serotonin reuptake inhibitor class, commonly used to treat major depression, and commonly sold under the brand name, "Celexa," as treatment for PTSD.

44. In addition, Plaintiff has been prescribed 100mg of Zoloft and 100mg of Benadryl to sleep, in addition to the heart medication he was previously taking.

45. On or about April 21, 2016, Plaintiff timely filed his Complaint under the Civil Rights Act, Title 42 Section 1983 U.S. Code in the United States District for the Northern District of Illinois as a *pro se* individual.

46. On June 21, 2016, this Court, being fully advised in the premises and pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), granted Plaintiff's application for leave to proceed *in forma pauperis*.

47. The Court determined that Plaintiff may proceed on a failure-to-protect claim against both Defendants, and may proceed on an excessive use of force as against Defendant Partee.

**COUNT I – BREACH OF DUTY TO PROTECT
AGAINST DEFENDANTS STARKS AND PARTEE**

48. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff restates and re-alleges Paragraphs 1 through 47 of this Complaint, as Paragraphs 1 through 47 of Count I, as though fully restated herein in their entirety.

49. Defendants owed Plaintiff a duty to protect him from the violent assaults by other inmates.

50. Due to Plaintiff's known medical condition, Defendants were aware of the substantial risk of serious injury Plaintiff would face, but failed to take the appropriate steps to protect him from the known danger.

51. Defendants were deliberately indifferent to Plaintiff's safety.

52. Defendants knew or should have known that the other inmates would harm Plaintiff when left alone.

53. However, both Defendants left their assigned posts at Cook County Department of Corrections Division # 2, North Post for over thirty (30) minutes.

54. Defendants failed to ensure that another Officer relieved them at their posts.

55. This left the inmates entirely unsupervised and unrestricted, allowing them to break out into a riot.

56. During this time, the other inmates assaulted Plaintiff, causing severe injuries.

57. Because Defendants intentionally left their posts, Plaintiff did not have anyone to turn to for safety during the riot.

58. When the Defendants returned to their posts over thirty (30) minutes later, Plaintiff had suffered multiple stab wounds and other injuries.

59. In response to Plaintiff's condition, Defendant Starks told Plaintiff "that's why they beat your fat ass bitch."

60. Because of Defendant's deliberate indifference towards Plaintiff's severe need for medical treatment and/or with actual malice, Plaintiff suffered serious physical injuries requiring him to be hospitalized for three days.

61. Accordingly, Defendants had actual knowledge aware of Plaintiff's medical condition, and thus were aware of the substantial risk of serious injury to Plaintiff, yet with deliberate indifference, failed to take the appropriate steps to protect Plaintiff.

62. As a direct result of Defendants actions under color of law, Plaintiff was seriously injured.

**WHEREFORE,** Plaintiff, **ANTONIO PERRY**, (heretofore referred to as "Plaintiff"), by and through his attorneys, PERL & GOODSNYDER, LTD., as to Count I, prays for the following relief as against the Defendants, Cook County Correctional Officer DOROTHY STARKS (heretofore referred to as "Starks") and Cook County Correctional Officer WILLIE PARTEE (heretofore referred to as "Partee")(at times herein, Starks and Partee were collectively referred to as the "Defendants"), :

   i. Declare that the acts and omissions of Defendants heretofore described violate Plaintiff's rights under the United States Constitution and the laws of the United States;

   ii. Enter judgment against the Defendants, jointly and severally, in an amount to be determined at trial, in addition to punitive damages together with attorneys' fees and the costs to bring said action pursuant to 42 U.S.C. § 1988(b); and

   iii. Order such further, additional and/or alternative relief as this Honorable Court and the trier of fact deems fair, just and reasonable.

## COUNT II – EXCESSIVE FORCE
## AGAINST DEFENDANT PARTEE

63. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff restates and re-alleges Paragraphs 1 through 47 of this Complaint, as Paragraphs 1 through 47 of Count II, as though fully restated herein in their entirety.

64. While Plaintiff was seeking medical treatment from Defendants, Defendant Starks unnecessarily rebuked Plaintiff.

65. When Plaintiff sought medical attention from Defendant Starks, Defendant Partee became violent with Plaintiff, a disabled individual, and used excessive force on Plaintiff.

66. In light of the totality of the circumstances, any force used by Partee must be objectively reasonable.

67. Instead, Defendant Partee jumped onto Plaintiff's back, threw Plaintiff to the ground, choked Plaintiff, and violently pulled Plaintiff's arms behind his back.

68. The force used by Defendant Partee was excessive, and caused severe injury to Plaintiff.

69. Due to the force Defendant Partee used, Plaintiff suffered chest pain from the chest stints placed prior to the incident.

70. The force used by Defendant Partee without provocation was not objectively reasonable when responding to a victim with multiple stab wounds and other injuries.

71. As a direct result of the incident, Plaintiff was hospitalized for three days due to his injuries and now experiences Post-Traumatic Stress Disorder.

72. As a result of Defendant's actions under color of law, and the subsequent Post-Traumatic Stress Disorder, Plaintiff experiences frequent, recurring suicidal thoughts, nightmares, paranoia of other people, and seemingly realistic flashbacks of the April 21, 2014 incident.

**WHEREFORE,** Plaintiff, **ANTONIO PERRY**, (heretofore referred to as "Plaintiff"), by and through his attorneys, PERL & GOODSNYDER, LTD., as to Count II, prays for the following relief as against the Defendant, Cook County Correctional Officer WILLIE PARTEE (heretofore referred to as "Partee"):

iv. Declare that the acts and omissions of Defendant Partee heretofore described violate Plaintiff's rights under the United States Constitution and the laws of the United States;

v. Enter judgment against the Defendant Partee, in an amount to be determined at trial, in addition to punitive damages, together with attorneys' fees and the costs to bring said action pursuant to 42 U.S.C. § 1988(b); and

vi. Order such further, additional and/or alternative relief as this Honorable Court and the trier of fact deems fair, just and reasonable.

Dated: May 3, 2018

Respectfully Submitted,
ANTONIO PERRY, Plaintiff

By his attorneys:

By: /s/ Allen R. Perl
Allen R. Perl, ARDC No.: 6191920
Vlad V. Chirica, ARDC No.: 6320436
PERL & GOODSNYDER, LTD.
Attorneys for the Plaintiff
14 North Peoria Street, Suite 2C
Chicago, Illinois 60607
(312) 243-4500
*aperl@perlandgoodsnyder.com*
*vchirica@perlandgoodsnyder.com*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTONIO PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:16-cv-04557 |
| v. ) | |
| ) | Honorable Judge Charles P. Kocoras |
| Correctional Officer DOROTHY STARKS, in ) | |
| both her individual and her official capacity; and ) | **JURY DEMANDED** |
| Correctional Officer WILLIE PARTEE, in both ) | |
| his individual and his official capacity, ) | |
| ) | |
| Defendants. ) | |

**DEMAND FOR JURY TRIAL**

Pursuant to and in accordance with Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues and claims so triable.

Dated:   May 3, 2018                                   Respectfully Submitted,

                                                                         ANTONIO PERRY, Plaintiff

                                                                         By his attorneys:

                                        By:   /s/ Allen R. Perl
                                                             Allen R. Perl, ARDC No.: 6191920
                                                             Vlad V. Chirica, ARDC No.: 6320436
                                                             Perl & Goodsnyder, Ltd.
                                                            Attorneys for the Plaintiff
                                                            14 North Peoria Street, Suite 2C
                                                           Chicago, Illinois 60607
                                                           (312) 243-4500
                                                           *aperl@perlandgoodsnyder.com*
                                                           *vchirica@perlandgoodsnyder.com*